## IN THE UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF FLORIDA

### CASE NO.:

DEMETRIUS CROSS, an individual,

      Plaintiff,

vs.

PIONEER CREDIT RECOVERY, INC.
a Delaware corporation,

      Defendant.

_____/

### COMPLAINT FOR DAMAGES AND INCIDENTAL RELIEF

Plaintiff, Demetrius Cross, an individual, sues Defendant, Pioneer Credit Recovery, Inc.,

a Delaware corporation, and alleges:

### GENERAL ALLEGATIONS

### PRELIMINARY STATEMENT

1.      This is an action brought pursuant to 15 U.S.C. §1692 *et sequi*, known more

commonly as the "Fair Debt Collection Practices Act" ("FDCPA"), which prohibits debt

collectors from engaging in abusive, deceptive and unfair practices and for violation of the

Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. §227, which provides for a private

cause of action for violation of the TCPA and regulations promulgated thereunder by the Federal

Communication Commission ("FCC"), 47 C.F.R., Part 64, Subparts 1200 and 1601.

2.      This Court has subject matter jurisdiction under 15 U.S.C.§1692k and diversity

jurisdiction under 28 U.S.C. §1332. With respect to diversity jurisdiction, the citizenship of the

parties are diverse, with Plaintiff a citizen of the State of Florida and Defendant a citizen of the State of Delaware. As detailed below, Plaintiff has alleged in excess of fifty (50) violations of the TCPA which provides for damages of up to One Thousand Five Hundred Dollars ($1,500.00) per violation. Accordingly, the amount in controversy is in excess of Seventy Five Thousand Dollars ($75,000.00), and exceeds the threshold amount required to establish diversity jurisdiction.

## ALLEGATIONS AS TO PARTIES

3.       At all times material hereto, Plaintiff, Demetrius Cross ("Mr. Cross") was *sui juris* and a resident of Broward County, Florida.

4.       At all times material hereto, Defendant, Pioneer Credit Recovery, Inc. ("Pioneer Credit") was a Delaware corporation doing business in Broward County, Florida.

5.       At all times material hereto, Defendant is or was engaged in the collection of debts from consumers using the mail and telephone. Defendant regularly attempted to collect consumer debts alleged to be due to another in Broward County, Florida.

6.       At all times material hereto, Pioneer Credit was subject to jurisdiction in the State of Florida pursuant to Florida Long Arm Jurisdiction by the causation of injury within the state for acts committed outside the jurisdiction of Florida.

## FACTUAL ALLEGATIONS

### *A. Description of Consumer Debt*

7.       Several years prior to the filing of the instant action, Mr. Cross allegedly entered into a student loan agreement ("Student Loan") with the United States Department of Education ("DOE").

8.       At some unknown time in the past, the Student Loan was purchased, assigned or transferred to Pioneer Credit for collection or Pioneer Credit was employed by DOE to collect

the Student Loan.

### B.  Unlawful Collection Activities of Pioneer Credit

9.      On or about November 2, 2010, an employee of Pioneer Credit by the name or trade alias of "Shanee" ("Shanee") called the cell phone of Mr. Cross and left the following message on the voice mail of Mr. Cross:

> This message is for Demetrius Cross. Please call me back at my office, my name is Shanee if you reach me toll free 1-800-432-4457. When calling in if you can please refer to reference number C as in "cat" 53196. Thank you.

10.     In the message, Pioneer Credit failed to inform Mr. Cross that the communication was from a debt collector and failed to disclose the purpose of its message.

11.     The message is a "communication(s)" as defined by 15 U.S.C. §1692a(2). *See,* *Berg v. Merchs. Ass'n Collection Div.*, 2008 US Dist. LEXIS 94023 (S.D.Fla.2008).

### C.  Unlawful Automated Calls

12.     In furtherance of its collection activities, Pioneer Credit made in excess of one hundred (100) unlawful automated calls to the cellular phone of Mr. Cross from September, 2010 to May, 2011.

13.     Defendant placed an excessive and unreasonable number of calls to Plaintiff.

14.     Pioneer Credit did not have the legal right to make telephone calls to Mr. Cross on his cellular phone regarding the alleged debt purportedly owed to the DOE.

15.     Mr. Cross did not give consent to Pioneer Credit to contact Mr. Cross by any means.

16.     Pioneer Credit used an unlawful auto-dialer and/or pre-recorded message to call the cellular phone of Mr. Cross without permission to do so in violation of the TCPA.

17.     Pioneer Credit used the illegal predictive dialer to call the cellular phone of Mr.

Cross without permission to do so in violation of the TCPA.

18.     By information and belief, Pioneer Credit used an illegal prerecorded call to call the cellular phone of Mr. Cross without permission to do so in violation of the TCPA.

19.     As more particularly described above, BAC placed non-emergency telephone calls to Plaintiff's cellular telephone using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of Mr. Cross in violation of 47 U.S.C. §227(b)(1)(A)(iii).

20.     There is no exception or justification for the numerous violations of the TCPA by Pioneer Credit.

<u>**COUNT I - ACTION FOR VIOLATION OF THE**</u>
<u>**FEDERAL FAIR DEBT COLLECTION PRACTICES ACT (15 U.S.C. §1692 *ET SEQUI.*)**</u>

21.     This is action for violation of 15 U.S.C. §1692, *et sequi*, known more commonly as the "Fair Debt Collection Practices Act" ("FDCPA").

22.     Mr. Cross realleges and reaffirms the allegations contained in Paragraphs 1 through 20 above as if set forth hereat in full.

23.     At all times material hereto, Mr. Cross was a "consumer" as said term is defined under 15 U.S.C. §1692a(3).

24.     At all times material hereto, the DOE was a "creditor" as said term is defined under 15 U.S.C. §1692a(4).

25.     At all times material hereto, the Student Loan was a "debt" as said term is defined under 15 U.S.C. §1692a(5).

26.     At all times material hereto, Pioneer Credit was a "debt collector" as said term is defined under 15 U.S.C. §1692a(6).

27.     As more particularly described above, Defendant has violated the FDCPA in that Defendant has:

(a)     engaged in any conduct the natural consequence of which is to harass, oppress, or abuse any person in connection with the collection of a debt in contravention of 15 U.S.C. §1692d;

(b)     placed telephone calls without meaningful disclosure of the caller's identity in violation of 15 U.S.C.§1692d(6); and

(c)     failed to disclose in communications with Mr. Cross that the communication was from a debt collector in contravention of 15 U.S.C.§1692e(11).

28.     As a direct and proximate result of the violation of the FDCPA by Pioneer Credit, Mr. Cross has been damaged. The damages of Mr. Cross include but are not necessarily limited to mental pain and shock, suffering, aggravation, humiliation and embarrassment.

29.     Pursuant to 15 U.S.C. §1692k, Mr. Cross is entitled to recover actual damages together with statutory damages of $1,000.00, together with court costs and reasonable attorneys fees.

30.     Mr. Cross has retained the undersigned law office to represent his interest herein and is obligated to pay said law office a reasonable fee for its services.

WHEREFORE, Plaintiff, Demetrius Cross, an individual, demands judgment against Defendant, Pioneer Credit Recovery, Inc., a Delaware corporation, for damages, together with interest, costs and attorneys fees pursuant to 15 U.S.C. §1692k, and for such other and further relief as justice may require.

## COUNT II - ACTION FOR VIOLATION OF THE
## TELEPHONE CONSUMER PROTECTION ACT (47 U.S.C. §227, *ET SEQUI*)

31.     This is action for damages for violation of 47 U.S.C. §227, *et sequi*, known more commonly as the "Telephone Consumer Protection Act" ("TCPA"), and the regulations promulgated thereunder.

32.     Mr. Cross realleges and reaffirms the allegations contained in Paragraphs 1 through 20 above as if set forth hereat in full.

33.     Each call to the cellular phone of Mr. Cross is a separate violation and entitles Mr. Cross to statutory damages against Pioneer Credit in the amount of at least Five Hundred ($500.00) Dollars per call pursuant to 47 U.S.C. §227(b)(3).

34.     Pioneer Credit willfully and knowingly violated the TCPA and the regulations promulgated thereunder to the extent that the Court may, in its discretion, increase the amount of statutory damages to One Thousand Five Hundred Dollars ($1,500.00) per call pursuant to 47 U.S.C. §227(b)((3).

WHEREFORE, Plaintiff, Demetrius Cross, an individual, demands judgment against Defendant, Pioneer Credit Recovery, Inc., a Delaware corporation, for:

A.      Statutory damages;

B.      A declaration that the calls of Defendant violated the TCPA;

C.      A permanent injunction prohibiting Defendant from placing non-emergency calls to the cellular telephone of any person using an automatic telephone dialing system or pre-recorded or artificial voice without the prior express consent of the called party; and

D.      Such other and further relief as the Court deems appropriate.

**DEMAND FOR JURY TRIAL**

Plaintiff, Demetrius Cross, pursuant to Rule 38, Federal Rules of Civil Procedure,

demands a trial by jury of all issues so triable.

ROBERT W. MURPHY
Florida Bar No. 717223
1212 S.E. 2nd Avenue
Ft. Lauderdale, FL 33316
(954) 763-8660 Telephone
(954) 763-8607 Facsimile
rphyu@aol.com